UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE C. TIEDEMAN,<br><br>              Plaintiff,<br><br>   vs.<br><br>D.O.C.,<br><br>              Defendant. | 4:18-CV-04146-KES<br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE |

**INTRODUCTION**

Plaintiff, Jesse Tiedeman, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Tiedeman filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 4. Tiedeman also filed a motion to appoint counsel and several supplements to his complaint. Dockets 6; 8-13. The court has now screened Tiedeman's complaint under 28 U.S.C. § 1915A. For the following reasons, the court grants Tiedeman's motion to proceed in forma pauperis and dismisses his complaint.

**FACTUAL BACKGROUND**

Tiedeman names the Department of Corrections (DOC) as the only defendant in this case. Docket 1. Although difficult to follow, Tiedeman claims the DOC interfered with his mail and access to the courts. *Id.*

Tiedeman alleges that the DOC has interfered with his mail on several occasions. *Id.* When Tiedeman received mail from the United States

Department of the Interior, he was able to view the contents briefly before the mail was confiscated. *Id.* at 4. Tiedeman further alleges that the DOC interfered with his access to the courts by denying him legal copies, stealing his legal documents, and denying him the right to mail his legal documents. *Id.* at 1, 3, 5-6, 10, 13, 16-14. As relief, Tiedeman requests $10 million in damages and reinstatement of his disability pay. *Id.* at 11.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *see*

*also Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Tiedeman has reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $147.77. Docket 5. Based on this information, the court grants Tiedeman leave to proceed in forma

3

pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Tiedeman must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The clerk of the court will send a copy of this order to the appropriate financial official at Tiedeman's institution. Tiedeman remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Screening Under § 1915A

Tiedeman names the Department of Corrections as the only defendant in this case. Docket 1. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65 (1989) (citations omitted). "Eleventh Amendment immunity extends to

4

states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). Thus, Tiedeman's claims against the DOC, a state entity, are barred by the Eleventh Amendment and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Motion to Appoint Counsel

Tiedeman filed a motion to appoint counsel. Docket 6. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* At this point, Tiedeman is able to present his claims, and his claims are not complex. Tiedeman's motion to appoint counsel (Docket 6) is denied.

Thus, it is ORDERED

1. Tiedeman's motion to proceed in forma pauperis (Docket 4) is granted.
2. Tiedeman's complaint is dismissed without prejudice.
3. Tiedeman's motion to appoint counsel (Docket 6) is denied.

DATED this 7th day of June, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE