UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JESSE C. TIEDEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS L. WEBER, Director of Prison Operations at South Dakota State Penitentiary; TROY PONTO, Assoc. Warden; CLIFTON FANTROY, Unit Manager; JENNIE PETERSON, Unit Coordinator; HEATHER VELD, Case Manager; LINDA MILLER-HUNHOFF, Mailroom Supervisor; KAYLA STEKELBERG, Unit Coordinator; MIKE HOLMES, License Plates Supervisor; STEVE LINNIWEBER, Corrections Officer; and THOMAS LINNIWEBER, Corrections Officer,<br><br>Defendants. | 4:13-CV-04126-KES<br><br>ORDER DENYING TIEDEMAN'S MOTION FOR COPIES |

| | |
|---|---|
| JESSE C. TIEDEMAN, a/k/a Jesse Claude Tiedeman,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, Warden, SDSP,<br><br>Defendant. | 4:14-CV-04120-KES<br><br>ORDER SUPPLEMENTING COURT'S EARLIER DENIAL OF TIEDEMAN'S MOTION FOR COPIES |

| | |
|---|---|
| JESSE C. TIEDEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>D.O.C.,<br><br>Defendant. | 4:18-CV-04146-KES<br><br>ORDER DENYING TIEDEMAN'S MOTION FOR COPIES |

Jesse C. Tiedeman, an inmate at South Dakota State Penitentiary, has requested that the Clerk of Court provide him free of charge a complete copy of all the docket entries in three pro se civil actions he previously filed in the District of South Dakota. *Tiedeman v. Weber et al.*,[1] 4:13-CV-04126, Docket 87; *Tiedeman v. Young*,[2] 4:14-CV-04120, Docket 28; *Tiedeman v. D.O.C.*,[3] 4:18-CV-04146, Docket 23. According to Tiedeman's request, he needs "all documents, motions and/or

[1] In this case, Tiedeman filed a civil rights action under 42 U.S.C. § 1983. 4:13-CV-04126, Docket 1. Tiedeman's action related to the alleged "side tracking" of his outgoing mail and alleged tampering with his incoming legal mail. 4:13-CV-04126, Docket 64 at 6–7. The court granted defendants' motion for summary judgment and dismissed Tiedeman's claims with prejudice. *Id.* at 12; 4:13-CV-04126, Docket 65. The Eighth Circuit of Appeals summarily affirmed the grant of summary judgment in favor of defendants. 4:13-CV-04126, Docket 83.

[2] In this case, Tiedeman filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. 4:14-CV-04120, Docket 1. Tiedeman's petition was dismissed with prejudice because it was filed well beyond the one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and Tiedeman did not demonstrate any basis for equitable tolling. 4:14-CV-04120, Docket 16. The Eighth Circuit Court of Appeals denied Tiedeman's application for certificate of appealability. 4:14-CV-04120, Docket 25.

[3] In this case, Tiedeman filed a civil rights action under 42 U.S.C. § 1983 against the Department of Corrections alleging interference with his mail and right to access the courts. 4:18-CV-04146, Docket 1. Tiedeman's complaint was dismissed on screening because the Eleventh Amendment barred his claims. 4:18-CV-04146, Docket 14 at 4–5.

any all information for the cases[.]" *See, e.g., Tiedeman v. Weber et al.*, 4:13-CV-04126, Docket 87 at 1 (capitalization in the original omitted). Tiedeman requests full sized copies so that he "may copy them for distribution to various places in the pursuit of justice." *See, e.g., id.* (capitalization in original omitted). But Tiedeman does not have any pending cases in the District of South Dakota and does not explain why copies of each and every filing in cases that have been closed for years are necessary or will assist him in the pursuit of justice.

Moreover, even if Tiedeman did have a pending case in which he had been granted leave to proceed in forma pauperis, he does not have a right to free copies of pleadings. *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (stating that 28 U.S.C. § 1915(a) "does not give the litigant a right to have documents copied and returned to him at government expense"); *Duwenhoegger v. Miles*, 2017 WL 2799155, at *1 (D. Minn. June 28, 2018) ("[A]n order granting leave to proceed IFP does not automatically give a litigant the right to obtain a free copy of any document in the record that the litigant may want." (citation omitted)); *Jackson-Mackay v. Cotant*, 2022 WL 1249731, at *3 (D. Neb. Apr. 27, 2022) ("28 U.S.C. § 1915(a) does not give an IFP plaintiff the right to receive free copies from the court." (collecting cases)); *Brown v. Voorhies*, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007) ("The law is clear that an inmate has neither a constitutional nor a statutory right to free photocopies even if that inmate has been granted the right to proceed *in forma pauperis*. That includes free copies of documents the inmate himself has previously filed in court." (internal citations omitted)). For these reasons, Tiedeman's motions for copies in these closed cases are denied.

Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States District Courts. A fee of fifty cents per page is charged for court staff to reproduce any record or paper filed in a case. The Clerk of Court is directed to provide to Tiedeman a copy of the docket sheet for each of his closed cases. Tiedeman may identify the filings that he wants copied and request copies of those filings from the Clerk of Court at a cost of fifty cents per page. If Tiedeman does not submit payment for the copying costs of any documents he requests, it is not necessary for the Clerk of Court to respond to Tiedeman's request.

Thus, it is ORDERED:

1. That Tiedeman's motions for copies (4:13-CV-04126, Docket 87; 4:14-CV-04120, Docket 28; 4:18-CV-04146, Docket 23) are denied.
2. That the Clerk of Court will provide to Tiedeman a copy of the docket sheet for each of his closed cases along with this order.
3. That it is not necessary for the Clerk of Court to respond any further to photocopy requests Tiedeman may make unless he submits the fifty cents per page fee under 28 U.S.C. § 1914.

Dated September 14, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE